SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
CARI A. COHORN  Bar No.  249056
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA HOLT,<br><br>            Plaintiff,<br><br>    v.<br><br>SALARY CONTINUANCE AND LONG TERM DISABILITY PLAN; KAISER FOUNDATION HEALTH PLAN; KAISER PERMANENTE SALARIED RETIREMENT PLAN,<br><br>            Defendants. | CASE NO. C 07 4656 MEJ<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants Salary Continuance and Long Term Disability Plan, Kaiser Foundation Health Plan, and Kaiser Permanente Salaried Retirement Plan ("defendants" or "Plans") hereby answer the Complaint filed by Linda Holt ("plaintiff") as follows:

1.      To the extent that paragraph 1 of the Complaint consists of legal conclusions, defendants are not required to respond.  To the extent that paragraph 1 could be deemed to contain factual allegations, defendants admit that the Plans are employee benefit plans regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1001, *et seq*.  Defendants further admit that in her Complaint, plaintiff makes allegations regarding a purported right to benefits under the Plans, all of which allegations are denied by defendants, and seeks relief of various types predicated upon her purported right to such benefits.

2.      Responding to paragraph 2 of the Complaint, defendants are informed and believe

1    and therefore admit that at certain relevant times Ms. Holt's home address was in Oakland,

2    California.  To the extent that paragraph 2 consists of legal conclusions, defendants are not

3    required to respond.  The remaining allegations of paragraph 2 are denied as incomprehensible.

4            3.    Responding to paragraph 3 of the Complaint, defendants state that plaintiff was

5    employed by the Southern California Permanente Medical Group ("SCPMG").  Defendants deny

6    that plaintiff was employed by "Kaiser Permanente."  Defendants admit that as an employee of

7    SCPMG, plaintiff was eligible to participate, and at relevant times did participate, in the Salary

8    Continuance and Long Term Disability Plan ("LTD Plan"), that the LTD Plan was part of the

9    Kaiser Permanente Welfare Benefits Plan, and that the LTD Plan benefits were at relevant times

10   funded by a group policy of insurance issued by Metropolitan Life Insurance Company

11   ("MetLife"), Policy No. 95910-G.  Except as expressly admitted, the allegations of paragraph 3 of

12   the Complaint are denied, and defendants expressly deny that plaintiff is or at any relevant time

13   has been entitled to LTD Plan benefits.

14           4.    The allegations of paragraph 4 are admitted.

15           5.    Defendants admit that as an employee of SCPMG, plaintiff was eligible to

16   participate, and at relevant times did participate, in a health benefit plan covering employees of

17   SCPMG ("Health Plan"), which is an employee welfare benefit plan regulated by ERISA.  Except

18   as expressly admitted, the allegations of paragraph 5 of the Complaint are denied, and defendants

19   expressly deny that plaintiff is or at any relevant time has been entitled to Health Plan benefits.

20           6.    Defendants admit that as an employee of SCPMG, plaintiff was eligible to

21   participate, and at relevant times did participate, in a pension plan covering SCPMG employees

22   ("Pension Plan"), which is an employee benefit plan regulated by ERISA, and that as such plaintiff

23   accrued certain benefit rights pursuant to and governed by the terms of the Pension Plan.  Except

24   as expressly admitted, the allegations of paragraph 6 of the Complaint are denied, and defendants

25   expressly deny that plaintiff is entitled to current receipt of Pension Plan benefits.

26           7.    Responding to the allegations of paragraph 7, defendants admit that MetLife

27   issued a group policy of long term disability insurance which funded the benefits of the LTD Plan

28   at relevant times, and that MetLife at relevant times was the Plan's claim administrator.  Except as

1    expressly admitted herein, the allegations of paragraph 7 are denied.

2        8.    Responding to paragraph 8 of the Complaint, defendants state that subject to all

3    other terms and conditions of the LTD Plan, benefits under the LTD Plan potentially may be

4    received by an eligible participant until the age of 65 if the eligible participant was under the age

5    of 60 at the time the disability began; defendants deny, however, that plaintiff is or at any relevant

6    time was eligible for benefits from the LTD Plan and deny that plaintiff is or at any relevant time

7    has been disabled under the LTD Plan.

8        9.    Responding to the allegations of paragraph 9, defendants admit that the language

9    quoted in the Complaint appears in the LTD Plan, and further state that benefit eligibility is

10    subject to all terms and conditions of the LTD Plan.

11        10.    The allegations of paragraph 10 are admitted.

12        11.    Responding to the allegations of paragraph 11, defendants state that documents in

13    the administrative record indicate that the plaintiff became disabled as of January 3, 2001.  Thus,

14    the allegations of paragraph 11 are denied.

15        12.    The allegations of paragraph 12 are admitted.

16        13.    The allegations of paragraph 13 are denied.

17        14.    The allegations of paragraph 14 are denied.

18        15.    The allegations of paragraph 15 are admitted.

19        16.    The allegations of paragraph 16 are admitted.

20        17.    The allegations of paragraph 17 are admitted.

21        18.    The allegations of paragraph 18 are admitted.

22        19.    The allegations of paragraph 19 are admitted.

23        20.    To the extent that paragraph 20 consists of legal conclusions, defendants are not

24    required to respond.  To the extent that paragraph 20 contains  factual allegations, those

25    allegations are expressly denied as to alleged disability from and after the date on which LTD Plan

26    benefits were terminated.

27        21.    To the extent that paragraph 21 consists of legal conclusions, defendants are not

28    required to respond.  Responding to the factual allegations of paragraph 21, defendants admit that

1   the terms of the LTD Plan required plaintiff to apply for Social Security Disability benefits, that

2   plaintiff did so and was awarded such benefits, and that under the terms of the LTD Plan, all such

3   benefits, except cost of living adjustments, are deducted and offset from otherwise payable LTD

4   Plan benefits.  Except as expressly admitted, the allegations of paragraph 21 of the Complaint are

5   denied, and defendants expressly deny that the award of Social Security Disability Benefits to

6   plaintiff in any manner is or may be determinative of the outcome of plaintiff's claims in this

7   litigation.

8          22.     To the extent that paragraph 22 consists of legal conclusions, defendants are not

9   required to respond.  Responding to the factual allegations of paragraph 22, defendants admit that

10  MetLife is the funding source for the LTD Plan, through a group policy of insurance, and that the

11  medical experts who reviewed plaintiff's claim and medical records were compensated for their

12  services.  Except as expressly admitted, the allegations of paragraph 22 of the Complaint are

13  denied.

14         23.     The allegations of paragraph 23 are admitted.

15         24.     To the extent that paragraph 24 consists of legal conclusions, defendants are not

16  required to respond.  To the extent that the paragraph contains factual allegations, those

17  allegations are expressly denied.

18         25.     The allegations of paragraph 25 are admitted.

19         26.     Responding to the allegations of paragraph 26, defendants admit that the parties

20  dispute whether plaintiff is totally disabled under the LTD Plan and dispute whether plaintiff is

21  entitled to benefits under the LTD Plan.

22         27.     Defendants admit that plaintiff seeks a declaration that she is entitled to various

23  forms of relief.  Except as so admitted, defendants deny the allegations in paragraph 27 of the

24  Complaint and specifically deny that there is any basis upon which such relief may be awarded to

25  plaintiff.

26         28.     The allegations of paragraph 28 are admitted.

27         29.     To the extent that paragraph 29 consists of legal conclusions, defendants are not

28  required to respond.  To the extent that the paragraph contains factual allegations, defendants

1  admit that plaintiff has obtained the services of counsel and that she seeks an award of attorneys'

2  fees and costs.  Defendants expressly deny any wrongdoing, deny that plaintiff is entitled to any

3  relief or recovery, and deny that plaintiff has sustained or will sustain injury or damages of any

4  type or kind with regard to the matters alleged in the Complaint.

5          30.     Defendants incorporate herein by reference, as though set forth in full, paragraphs

6  1, 2 and 5, above.

7          31.     The allegations of paragraph 31 are admitted with regard to that period of time

8  during which plaintiff was eligible for Health Plan benefits under the terms of the Health Plan.

9          32.     The allegations of paragraph 32 are admitted, subject to all of the terms and

10  conditions of the Health Plan.

11          33.     To the extent that paragraph 33 consists of legal conclusions, defendants are not

12  required to respond.  To the extent that the paragraph contains factual allegations, defendants

13  admit that when the LTD Plan determined that plaintiff was no longer totally disabled, she became

14  ineligible for a premium waiver under the Health Plan.  Except as expressly admitted, the

15  allegations of paragraph 33 of the Complaint are denied.

16          34.     The allegations of paragraph 34 are denied.

17          35.     To the extent that paragraph 35 consists of legal conclusions, defendants are not

18  required to respond.  To the extent that the paragraph contains factual allegations, defendants

19  deny the allegations.

20          36.     The allegations of paragraph 36 are denied.

21          37.     To the extent that paragraph 37 consists of legal conclusions, defendants are not

22  required to respond.  To the extent that the paragraph contains factual allegations, defendants

23  deny the allegations.

24          38.     The allegations of paragraph 38 are admitted.

25          39.     Defendants admit that the parties dispute whether plaintiff is entitled to benefits

26  under the terms of the Health Plan.  Except as expressly admitted, the implicit allegations of

27  paragraph 39 are denied, and defendants expressly deny that plaintiff is or at relevant times was

28  "disabled" and entitled to continuing benefits under the LTD Plan or under the Health Plan.

40.     Defendants admit that plaintiff seeks a declaration that she is entitled to various forms of relief.  Except as so admitted, defendants deny the implicit allegations in paragraph 40 of the Complaint and specifically deny that there is any basis on which relief properly may be awarded to plaintiff.

41.     The allegations of paragraph 41 are admitted.

42.     To the extent that paragraph 42 consists of legal conclusions, defendants are not required to respond.  To the extent that the paragraph contains factual allegations, defendants admit that plaintiff has obtained the services of counsel and that she seeks an award of attorneys' fees and costs.  Defendants expressly that plaintiff is entitled to any relief or recovery, and deny that plaintiff has sustained or will sustain injury or damages of any type or kind with regard to the matters alleged in the Complaint.

43.     The Complaint does not include paragraph numbered 43.

44.     Responding to paragraph 44 of the Complaint, defendants incorporate herein by reference, as though set forth in full, paragraphs 1, 2 and 6, above.

45.     Responding to paragraph 45 of the Complaint, defendants admit that the Pension Plan provides for an accumulation, subject to all of the Pension Plan's terms and conditions. Except as expressly stated herein, the allegations of paragraph 45 of the Complaint are denied.

46.     To the extent that paragraph 46 of the Complaint consists of legal conclusions, defendants are not required to respond.  To the extent that paragraph 46 consists of factual allegations, defendants state that the Pension Plan terms include certain provisions relating to the impact on "years of service" when an individual remains an employee of a participating employer due to a current disability.  Except as expressly stated herein, the allegations of paragraph 46 are denied.

47.     To the extent that paragraph 47 consists of legal conclusions, defendants are not required to respond.  To the extent that the paragraph contains factual allegations, defendants admit that subject to all terms and conditions of the Pension Plan, plaintiff's potential continued accrual of years of service was affected by the determination that she was no longer disabled under the LTD Plan.  Except as expressly admitted, the allegations of paragraph 47 of the

1   Complaint are denied.

2          48.    The allegations of paragraph 48 are denied.

3          49.    To the extent that paragraph 49 consists of legal conclusions, defendants are not

4   required to respond.  To the extent that the paragraph contains factual allegations, defendants

5   deny the allegations.

6          50.    The allegations of paragraph 50 are denied.

7          51.    To the extent that paragraph 51 consists of legal conclusions, defendants are not

8   required to respond.  To the extent that the paragraph contains factual allegations, defendants

9   deny the allegations.

10         52.    The allegations of paragraph 52 are admitted.

11         53.    Defendants admit that the parties dispute whether plaintiff is entitled to continue

12  accruing years of Credited Service under the terms of the Pension Plan based upon alleged

13  disability under the LTD Plan.  Except as expressly admitted, the allegations of paragraph 53 are

14  denied.

15         54.    Defendants admit that plaintiff seeks a declaration that she is entitled to various

16  forms of relief.  Except as so admitted, defendants deny the allegations in paragraph 54 of the

17  Complaint and specifically deny plaintiff is or may be entitled to the requested relief or to any

18  other type of relief.

19         55.    The allegations of paragraph 55 are admitted.

20         56.    To the extent that paragraph 56 consists of legal conclusions, defendants are not

21  required to respond.  To the extent that the paragraph contains factual allegations, defendants

22  deny such allegations, and expressly deny that plaintiff is or may be entitled to any form or type of

23  relief, in any amount or amounts, or at all.

24                            FIRST AFFIRMATIVE DEFENSE

25         The Complaint fails to state a claim upon which relief can be granted.

26                           SECOND AFFIRMATIVE DEFENSE

27         Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

28                            THIRD AFFIRMATIVE DEFENSE

1    The Complaint fails to state a claim upon which attorney's fees can be awarded.

2                          FOURTH AFFIRMATIVE DEFENSE

3    Each action of defendants and of the fiduciaries, delegates and agents of the Plans with

4    respect to the matters alleged in the Complaint, if any such action was taken, was at all times done

5    in good faith and for proper reasons, and was not arbitrary or capricious but was reasonable in

6    light of the evidence submitted by plaintiff and the complete administrative record, and was

7    reasonably based on the facts as determined and understood by them and on the terms of the

8    relevant plan documents and applicable law.

9                          FIFTH AFFIRMATIVE DEFENSE

10    Plaintiff's claims are barred by the doctrine of estoppel.

11                          SIXTH AFFIRMATIVE DEFENSE

12    Plaintiff's claims are barred by the doctrine of waiver.

13                          SEVENTH AFFIRMATIVE DEFENSE

14    To the extent plaintiff may be found to be entitled to benefits from any of the defendant

15    benefit plans, the possibility of which defendants expressly deny, such benefits are limited by the

16    terms the relevant plan documents. The Complaint seeks benefits pursuant to an employee benefit

17    plans governed by ERISA, which provides the exclusive remedies for an alleged improper denials

18    of benefits, and plaintiff is limited to the rights and remedies afforded under ERISA.  All of

19    plaintiff's claims are governed exclusively by ERISA, and all potential remedies, if any, are limited

20    to those provided under ERISA.  Under ERISA, plaintiff is not entitled to seek consequential,

21    compensatory, punitive or other extra-contractual damages, and any common law or state law

22    claims or remedies that plaintiff may be attempting to assert are preempted by ERISA.

23                          EIGHTH AFFIRMATIVE DEFENSE

24    All of the actions of defendants, and of any persons and entities who acted on behalf of

25    defendants with regard to matters alleged in the Complaint, if any, were permitted and/or were

26    required by the applicable law and/or by the terms of the relevant plan documents.

27                          NINTH AFFIRMATIVE DEFENSE

28    All decisions made by defendants or by others on behalf of defendants with respect to

1   plaintiff's claims were made in the interest of all of the participants and beneficiaries of each of the

2   respective benefit plans as a whole, and in accordance with the terms and conditions of the

3   relevant plan documents and the applicable law.

4                                        TENTH AFFIRMATIVE DEFENSE

5              None of the claims being pursued in the Complaint is valid under the terms and conditions

6   of the relevant plan documents.

7                                        ELEVENTH AFFIRMATIVE DEFENSE

8              Plaintiff failed to comply with all of terms and conditions of the Plan, and for that reason

9   the claims attempted to be stated in the Complaint are not payable.

10                                       TWELFTH AFFIRMATIVE DEFENSE

11             If plaintiff is entitled to any benefits under the LTD Plan, which defendants deny, such

12  benefits must be reduced and offset by other income, benefits and/or set-offs as defined in the

13  LTD Plan, that are or may be payable to her.

14                                       THIRTEENTH AFFIRMATIVE DEFENSE

15             Any recovery by plaintiff herein is barred in whole or in part due to her own delay or

16  failure to disclose or provide information pertaining to the allegations in her Complaint.

17                                       FOURTEENTH AFFIRMATIVE DEFENSE

18             To the extent that plaintiff may be found by the Court to be entitled to benefits under any

19  of the defendant benefits plans at this time, the possibility of which defendants expressly deny,

20  such immediate entitlement would not entitle plaintiff to unlimited future benefits given, *inter alia*,

21  the possibility that she may recover in the future from any allegedly disabling conditions, the

22  existence of which is denied, and given the effect of other requirements of the relevant plan

23  documents, including the exclusions and/or limitations thereof.

24                                       FIFTEENTH AFFIRMATIVE DEFENSE

25             Plaintiff has failed to set out her claims with sufficient particularity to permit defendants to

26  raise all appropriate defenses, and defendants therefore reserve the right to add further defenses as

27  the bases for plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of

28  the Federal Rules of Civil Procedure.

1    WHEREFORE, defendants pray for relief as follows:

2        1.    That plaintiff take nothing by way of her Complaint;

3        2.    That judgment be entered in favor of defendants and against plaintiff;

4        3.    That defendants be awarded their attorneys' fees and costs of suit incurred in this

5    action under 29 U.S.C. § 1132; and

6        4.    For such other and further relief as the Court deems just and proper.

7

8    DATED: November 28, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

9

10

11                          By:/s/ Rebecca A. Hull
                               Rebecca A. Hull
                               Cari A. Cohorn
12                             Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28