**THORNTON DAVIDSON**, #166487
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:  (559) 256-9800
Facsimile:  (559) 256-9795
e-mail: thorntondavidson@aol.com

Attorneys for Plaintiff, LINDA HOLT

**REBECCA A. HULL, #99802**
**CARI A. COHORN, #249056**
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Telephone: 415-781-7900
Facsimile: 415-781-2635

Attorneys for Defendants,
SALARY CONTINUANCE AND LONG TERM
DISABILITY PLAN; KAISER FOUNDATION HEALTH PLAN
KAISER PERMANENTE SALARIED RETIREMENT PLAN

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA HOLT, | Case No.: C 07-4656 MJJ |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| SALARY CONTINUANCE AND LONG TERM DISABILITY PLAN; KAISER FOUNDATION HEALTH PLAN; KAISER PERMANENTE SALARIED RETIREMENT PLAN | Date: February 26, 2008<br>Time: 2:00 p.m.<br>Judge: Honorable Martin J. Jenkins<br>Place: Courtroom 11, 19th Floor |
| Defendants. | |

Pursuant to Federal Rules of Court Procedure 16(b) and the Court's "Case

Management Conference Order" the parties to the above entitled action jointly submit this case management statement:

1. <u>Jurisdiction and Service</u>:

The parties agree that this Court has subject matter jurisdiction over Plaintiff's claim pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a). Jurisdiction is proper pursuant to 29 U.S.C. section 1331 because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for Federal District Court jurisdiction.

All parties are subject to this Court's jurisdiction.

All parties have been served.

2. <u>Facts</u>

A. <u>Plaintiff's Facts</u>

Plaintiff Linda Holt ("Plaintiff") was formerly employed by Kaiser Permanente and participated in the Salary Continuance and Long Term Disability Plan; Kaiser Foundation Health Plan; Kaiser Permanente Salaried Retirement Plan ("The Plans"). The LTD Plans benefits are insured through a group insurance policy issued by Metropolitan Life Insurance Company ("MetLife"), which also acted as claims administrator. After Plaintiff ceased working, she made a claim for long-term disability ("LTD") benefits; MetLife accepted her claim and paid her through August 2006, at which time MetLife terminated her claim, concluding that Plaintiff did not meet The Plan terms to receive benefits. The health insurance and retirement benefits ceased as a result of this termination, without notifying her of her right to appeal. Plaintiff exhausted all internal administrative remedies required by the terms of The Plans.

B. <u>Defendants' Facts</u>

1       Plaintiff Linda Holt was employed by Southern California Permanente Medical
2  Group ("SCPMG").  She participated in each of the Plans described above (referred to
3  herein as "the LTD Plan," "the Health Plan," and "the Retirement Plan," respectively).
4  MetLife is the funding source and the claim administrator for the LTD Plan.
5       Plaintiff ceased working on January 2, 2001, due to pain in her neck and arm, which
6  her attending physician diagnosed as cervical radiculitis.  On September 4, 2001, she
7  submitted a claim for LTD benefits, stating that she was unable to perform her job duties
8  because pain prevented her from sitting and using a computer.  On December 13, 2001,
9  MetLife approved her claim.
10      Because of Plaintiff's approval for LTD Plan benefits, her premiums for continued
11 participation in the Health Plan were waived.  Similarly, while she was receiving LTD Plan
12 benefits, Plaintiff continued to accrue years of service under the Retirement Plan.
13 However, under the terms of both the Health Plan and the Retirement Plan, premium
14 waiver and continued accrual of credited service years, respectively, were available only
15 as long as Plaintiff was receiving LTD Plan benefits.
16      MetLife determined that Plaintiff no longer was eligible for LTD benefits, effective
17 August 1, 2006.  It made that adjudication after receiving an Attending Physician's
18 Statement that disclosed that Plaintiff was able to return to work with <u>no</u> restrictions or
19 limitations.
20      Plaintiff appealed the discontinuation of LTD Plan benefits.  MetLife conducted a full
21 and fair review of her claim on appeal and, as part of that review, submitted her complete
22 file to Dr. Vernon Mark, an independent physician consultant ("IPC") who is board certified
23 in neurosurgery.  The IPC opined that the file did not contain specific clinical findings
24 sufficient to support a finding of disability after July 31, 2006.  Although the clinical record
25
26
27 JOINT CASE MANAGEMENT STATEMENT
   CASE NO.: 07-4656 MJJ
28
                                           3

1  showed that Plaintiff had made subjective complaints of pain, the record was devoid of any
2  objective neurological information obtained within the last three years showing a functional
3  impairment such as to justify restrictions or limitations.  As such, MetLife credited the IPC's
4  opinions and upheld adjudication of the claim.
5       Plaintiff subsequently contacted MetLife and stated that she believed MetLife had
6  not received all of her medical records.  She was permitted to provide additional medical
7  information, which MetLife reviewed and forwarded to the IPC.  Following a review of the
8  supplemental medical records, Dr. Mark opined that the file nevertheless did not show that
9  Plaintiff was unable to work in any occupation in the local economy.  Although the records
10 showed some degenerative changes in her spine, Dr. Mark opined that such changes are
11 common, and do not automatically cause functional impairment.  MetLife again upheld the
12 denial of benefits.  This lawsuit followed.
13 3.    <u>Legal Issues in Dispute</u>
14     <u>Plaintiff's Statement</u>
15     A.    Whether evidence outside the administrative record is admissible regarding
16         standard of review and/or the merits.
17     B.    Whether Plaintiff was totally disabled under the terms of The LTD Plan.
18     C.    Whether Plaintiff is entitled to LTD benefits, and, if so, what amount of back
19         benefits are owed.
20     D.    Whether The Plan is estopped to deny that Plaintiff is entitled to benefits by
21         virtue of Plaintiff's receipt of Social Security Disability benefits and The LTD
22         Plan's consequent reduction of benefits paid to Plaintiff.
23     <u>Defendants' Statement</u>
24     The primary legal issue in dispute is whether MetLife as the LTD Plan's claim
25
26
27 JOINT CASE MANAGEMENT STATEMENT
    CASE NO.: 07-4656 MJJ
28

1  administrator abused its discretion in determining that Plaintiff was not disabled as of
2  August 1, 2006.  Defendants recognize, however, that Plaintiff has raised additional legal
3  issues, set out above, which the Court will resolve in the course of determining whether
4  there was an abuse of discretion.  Defendants dispute that such issues are capable of
5  being resolved in Plaintiff's favor, under the applicable law.
6  4.    Motions:
7        There are currently no motions pending.
8        Plaintiff does not anticipate filing any motions, unless there is a dispute over
9  discovery.
10       Defendants intend to file a motion for summary judgment, to dispose of Plaintiff's
11 claims short of trial.  If Plaintiff contends that discovery is appropriate and/or that the Court
12 may consider evidence outside the administrative record, it is Defendant's position that
13 Plaintiff must make a motion for leave to conduct discovery, and for a ruling on the scope
14 of discovery which the Court will permit and/or the scope of extra-record evidence which
15 the Court will consider.
16 5.    Amendment of Pleadings
17       Parties do not anticipate submitting amended pleadings.
18 6.    Evidence Preservation
19       Defendants have preserved all evidence which appears to pertain to this dispute.
20 Further, Defendants will provide the administrative record with regard to the LTD Plan
21 claim to Plaintiff.
22 7.    Disclosures
23       The parties have committed to full disclosure on or before the date of the Case
24 Management Conference, February 26, 2008.
25
26
27 JOINT CASE MANAGEMENT STATEMENT
   CASE NO.: 07-4656 MJJ
28

Defendants assert that Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure explicitly exempts actions for review on an administrative record from initial disclosures. However, in order to avoid unnecessary delay and expense, and without waiving the applicability of Fed. R. Civ. P. 26(a)(1)(E)(i) to the instant case, which will be decided on the administrative record, Defendants have agreed to make initial disclosures.

8.  Discovery

    Plaintiff's position

No discovery has taken place to date.

Plaintiff contends that the Administrative Record should include MetLife's claims manuals.

Plaintiff intends to conduct discovery regarding the nature, extent, and effect on the decision making process of MetLife's conflict of interest because such information is relevant in assessing whether it abused its discretion. Plaintiff intends to serve: request for production of documents, interrogatories, and notice a Rule 30(b)(6) of MetLife.

Plaintiff believes a Rule 26(f) discovery order and conference is necessary.

    Defendants' position

Plaintiff does not explain what discovery she would seek, or on what subjects (*e.g.*, Plaintiff intends to seek "a Rule 30(b)(6)" on unidentified subjects). The mere existence of a structural conflict of interest (where, as here, the claim fiduciary is also the funding source for the Plan), however, does not in itself warrant broad discovery of the sort Plaintiff apparently proposes; contrary to Plaintiff's approach, a structural conflict is not a fishing license.

If an administrative claims decision is reasonable in light of the record, courts will find no abuse of discretion. *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 07-4656 MJJ

1  F.3d 869, 875 (9th Cir. 2004).  Unless Plaintiff is able to show that the denial of her claim
2  was unreasonable in light of the administrative record, discovery would merely drag out
3  the litigation in defiance of ERISA's goal of inexpensive and expeditious dispute resolution,
4  while providing no helpful information.  *Abatie*, which has defined this Circuit's law on
5  conflict of interest, is not to the contrary – indeed, it does not discuss discovery at all.
6  Unless or until Plaintiff can demonstrate that she seeks discovery that is relevant to bias
7  on MetLife's part, no discovery should be permitted – and if any discovery is to be
8  permitted, it should be carefully tailored so that it will not be expensive and burdensome.
9      In no event should the Court authorize discovery as to the merits of Plaintiff's claim.
10  Abuse of discretion review of the merits of a decision is limited to facts set forth in the
11  administrative record.  *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1470 (9th Cir.
12  1993).  Thus, no discovery would be appropriate on the subject of the claim handling
13  process, because Plaintiff's own claim either was, or was not, properly decided under the
14  LTD Plan.  Any attempt to obtain discovery into the mental processes of the persons who
15  analyzed the claim, still less any attempt to obtain discovery about claims of others, sheds
16  no light on that issue, but merely distracts from the issue actually presented.  *See Semien*
17  *v. Life Ins. Co. of North America*, 436 F.3d 805 (7th Cir. 2006).  As a matter of public
18  policy, the *Taft* court observed that permitting a court to examine evidence outside the
19  administrative record potentially would open the door to the anomalous conclusion that a
20  fiduciary had abused its discretion by failing to consider evidence that was not before it.
21  *Id*. at 1472.  The *Taft* court explained that permitting introduction of evidence outside the
22  administrative record is inconsistent with the primary goal of ERISA, which is to provide a
23  method for workers and beneficiaries to resolve disputes over benefits inexpensively and
24  expeditiously.  *Id*.
25
26
27  JOINT CASE MANAGEMENT STATEMENT
    CASE NO.: 07-4656 MJJ
28

The Ninth Circuit affirmed its *Taft* holding in *McKenzie v. General Tel. Co.*, 41 F.3d 1310, 1314 (9th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995). As in *Taft*, the Ninth Circuit held that a court may not consider "new evidence," which was not part of the administrative record, in deciding the merits of the claim. The court also held that under the abuse of discretion standard, a court may review only evidence which was before the fiduciary making the decision. *Id*. at 1316. The Ninth Circuit in *McKenzie* thus found that the trial court erred in relying on evidence never presented to the claim fiduciary, which was not in the administrative record but had been submitted directly to the court. *Id*.; *see also Alford v. DCH Found. Group Long-Term Disability Plan*, 311 F.3d 955, 959 (9th Cir. 2002) (documents that were neither "presented to" nor "considered by" fiduciary in reaching its decision not included in record in district court, where the review is for abuse of discretion).

In short, if any discovery is to be permitted – which MetLife disputes – it should be narrowly tailored to the issue of conflict, and should not extend to merits-related questions such as the bases or reasons for the claim decision.

9. <u>Class Actions:</u>

This is not a class action lawsuit.

10. <u>Related Cases</u>

There are no other related cases.

11. <u>Relief:</u>

<u>Plaintiff's position</u>

This is a complaint for declaratory relief. Plaintiff requests that back benefits be paid with 10% interest.

Plaintiff is entitled to $2,238 per month after her benefit is reduced by Social

---

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 07-4656 MJJ

1 Security Disability Insurance.

2 Defendant terminated benefits August 2006.

3 Therefore, she is entitled to 18 months of back benefits at $2,238 per month at 10%
4 interest of $18.65 per month:  2,238 x 18 + 335.70 = $40,619.70, plus ongoing monthly
5 benefits until Plaintiff turns 65 or is no longer disabled under the terms of the Plans.

6 Defendant's position

7 Defendants dispute that Plaintiff is entitled to any relief.  Should the Court
8 determine that benefits are owed under the LTD Plan, the claim should be remanded to the
9 claim administrator for calculation of such benefits, including any applicable offsets.

10 Defendants further dispute that, in the events benefits were to be awarded,
11 prejudgment interest would be computed at the rate apparently demanded by plaintiff;
12 prejudgment interest is set by federal law (28 U.S.C. § 1961), and is substantially less than
13 10 percent.

14 12. Settlement and ADR:

15 The parties have agreed to participate in a private mediation. The parties suggest
16 that the mediation deadline be May 30, 2008.

17 13. Consent to Magistrate Judge for All Purposes

18 The parties do not consent to the assignment of this case to a United States
19 Magistrate Judge for trial.

20 14. Other References

21 This case is not suitable for binding arbitration, a special master, or the Judicial
22 Panel on Multidistrict Litigation.

23 15. Narrowing of Issues:

24 Not applicable at this time.

25

26

27 JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 07-4656 MJJ
28

1  16.  <u>Expedited Schedule:</u>
2     Not applicable.
3  17.  <u>Scheduling:</u>
4     The parties have agreed to participate in mediation. Failing agreement in
5  mediation, the Defendant intends to file a dispositive motion. Thereafter, the matter will be
6  ready for trial.
7  18.  <u>Trial</u>
8     This case is a bench trial and is expected to last two hours.
9  19.  <u>Disclosure of Non-party Interested Entities or Persons:</u>
10    Plaintiff has made its Certification of Non-Party Interested Entities or Persons, as
11    1.  Plaintiff;
12    2.  Defendant Salary Continuance and Long Term Disability Plan;
13        Defendant Kaiser Foundation Health Plan; and Defendant Kaiser
14        Permanente Salaried Retirement Plan.
15    3.  Defendants' insurers, including Metropolitan Life Insurance Company..
16    Defendants have also made their Certification, identifying the following as Non-
17  Party Interested Entities: MetLife; Salary Continuance and Long Term Disability Plan;
18  Kaiser Foundation Health Plan, Inc.; and Kaiser Permanente Salaried Retirement Plan.
19  MetLife is a subsidiary of MetLife Inc., a publicly traded corporation.
20  20.  <u>Other Matters</u>
21    There are no other matters.
22
23   Dated: February  11, 2008                          /s/

                                                  THORNTON DAVIDSON
24                                                Attorney for Plaintiff,
                                                  LINDA HOLT
25
26
27  JOINT CASE MANAGEMENT STATEMENT
    CASE NO.: 07-4656 MJJ
28

1

2

3   Dated: February 11, 2008                              /s/

4                                                   REBECCA A. HULL,
                                                    CARI A. COHORN,
5                                                   Attorneys for Defendants

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   JOINT CASE MANAGEMENT STATEMENT
     CASE NO.: 07-4656 MJJ
28